**UNITED STATES of America,**
**Appellee.**

v.

**Felipe BERDUGO, Defendant.**

**Richard Guess, Defendant–Appellant.**

**Docket No. 00–1184.**

United States Court of Appeals,
Second Circuit.

April 24, 2002.

David A. Lewis, The Legal Aid Society, New York, NY, for Appellant.

Eric Chaffin for Loretta E. Lynch, United States Attorney for the Eastern District of New York; Peter A. Norling, on the brief, for Appellee.

Present Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI and Hon. ROSEMARY S. POOLER, Circuit Judges.

*SUMMARY ORDER*

Appeal from the United States District Court for the Eastern District of New York (Sterling Johnson, Judge ).

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DE-CREED that the judgment of the district court be and it hereby is AFFIRMED.

## I. BACKGROUND

Allegedly responding to threats against his wife and family, Richard Guess ("Guess") imported heroin into the United States. Guess was originally searched unsuccessfully by customs agents in San Juan, Puerto Rico, but a second search, carried out by DEA agents on Guess's arrival at his Manhattan hotel, revealed the heroin. After this second search, he was arrested and subsequently began to cooperate with the authorities. This cooperation led to the arrest of Felipe Berdugo, who was to have collected the heroin from Guess.

As a result of these events, Guess was charged with (a) conspiring to distribute and to possess with intent to distribute heroin, a Schedule I narcotic drug and controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(i); and (b) knowingly and intentionally importing heroin, a Schedule I narcotic drug and controlled substance, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(1)(A). On April 26, 1999, Guess pleaded guilty to a violation of 21 U.S.C. § 960(b)(3), a lesser included offence con-tained in Count Two of the indictment. The district court subsequently sentenced Guess to 70 months' imprisonment, three years' supervised release, and a special assessment of $100.

Guess now appeals from his indictment and his sentence.[1] On May 24, 2000, Guess's appellate counsel filed a motion, pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), requesting that he be relieved. We denied this motion by an order dated October 23, 2000 and directed Guess's counsel "to brief, by 12/11/00, the issue of whether appellant may have a potentially non-frivolous claim under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)."[2] Guess's counsel therefore filed the brief we have received. In this brief, Guess presents a facial challenge to the constitutionality of 21 U.S.C. §§ 841 & 960, the statutes he was charged with violating in the original indictment. Specifically, Guess argues that the plain and incontrovertible language and the structure of these statutes require that the sentences the statutes mandate depend on factors that are, under the statutes, to be determined by a judge to the exclusion of the jury. But, Guess asserts, because these sentencing factors affect the statutory maximum penalty to which a defendant may be subjected, *Apprendi* requires instead that they be proved to a jury beyond a reasonable doubt. Accordingly, Guess claims that §§ 841 and 960 are ineliminably at odds with *Apprendi* and must be

---

**1.** The plea agreement contained a waiver provision under which Guess agreed that he would not "file an appeal or otherwise challenge a conviction or sentence" in the event that the Court imposed a sentence less than or equal to 135 months imprisonment. In spite of the fact that Guess's 70 month sentence falls well below this 135 month threshold, the government, citing "the significance of the issues presented," does "not rely on the waiver of appeal."

**2.** Although the plea agreement and sentencing in this case occurred before *Apprendi* was decided, *Apprendi* applies to this case on direct review. *See Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987).

struck down as unconstitutional.[3] Finally, Guess argues that his indictment, which did not charge the quantity of heroin involved in his crime, must be dismissed.[4]

## II. DISCUSSION

■ In *United States v. Outen*, 286 F.3d 622 (2d Cir.2002) this Circuit recently upheld the constitutionality of §§ 841 and 960 in the face of arguments similar to those raised by Guess. Guess's constitutional contentions must, therefore, fail.

■ Guess's attack on his indictment also lacks merit. Under the plea agreement in this case, Guess pleaded guilty to violating 21 U.S.C. § 960(b)(3), which imposes a maximum prison term of 20 years and a minimum supervised release term of 3 years. Critically, these subsections apply to the importation of *any* quantity of heroin (or other Schedule I or II controlled substance). And, Guess's sentence of 70 months' imprisonment and 3 years' supervised release falls below the lowest statutory maximum and does not involve the triggering of any but the lowest mandatory minimum imposed by § 960 for a crime involving heroin.[5] Under such circumstances, we have held that *Apprendi* does not apply. *See United States v. Garcia*, 240 F.3d 180 (2d Cir.2001). Accordingly, Guess's sentence does not raise an *Apprendi* issue and is valid.

## III. CONCLUSION

We have reviewed all of Guess's remaining claims and find them to be without merit. Accordingly, the district court's judgment is AFFIRMED.

---

3. Although, under the plea agreement, Guess pleaded guilty only to violating 21 U.S.C. §§ 952 & 960 and not to violating 21 U.S.C. § 841, Guess nevertheless seeks dismissal of the entire indictment against him and therefore challenges § 841 as well as § 960.

4. We note that Guess does not challenge the voluntariness and intelligence of his guilty plea.

5. We note, in this connection, that the indictment against Guess clearly charged him with crimes involving "heroin, a Schedule I narcotic drug." That is, the indictment charged all that was needed for the crime as to which Guess pleaded guilty.